IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRED T. CALDWELL, | § | |
| | § | |
| Defendant Below- | § | No. 166, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 0207018104B |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: April 12, 2016
Decided: April 20, 2016

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

### O R D E R

This 20th day of April 2016, it appears to the Court that:

(1)     On April 4, 2016, the Court received the appellant's notice of appeal from the Superior Court's order, dated and docketed March 2, 2016, denying the appellant's third motion for postconviction relief.  Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before April 1, 2016.

(2)     The Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed as untimely filed.[1]  The appellant filed a response to the notice to show cause on April 12, 2016 and a supplemental

---

[1]Del. Supr. Ct. R. 29(b) (2016).

response on April 14, 2016. He asserts that his appeal is not untimely because the 30-day time limit for filing his notice of appeal was April 2, 2016, which was a Saturday, and therefore he should have had until Monday, April 4, 2016 to file his appeal. Alternatively, the appellant contends that his appeal is not untimely because he placed the notice of appeal in the prison mail before the due date and the notice of appeal was mailed to the Court on March 30 before it was due.

(3) The appellant is incorrect in both assertions. Under Supreme Court Rule 6(a)(iv), his notice of appeal was due on Friday, April 1, 2016, which was 30 days from the date the order on appeal was docketed. Furthermore, time is a jurisdictional requirement.[2] A notice of appeal *must be received* by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Although the Court has considered doing so,[5] it has never adopted a prisoner mailbox rule. Therefore, unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[6]

(4) Prison personnel are not court-related personnel. Consequently, even assuming prison personnel delayed somehow in mailing the appellant's notice of

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a) (2016).
[4] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[5] *See id.*
[6] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

appeal, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

3